### EVARISTE BLANC v. T. COUSIN.

When, by the act of the defendant and the acquiescence of the plaintiff, an action of boundary is changed into a petitory action—the defendant in the original suit becomes the plaintiff in the petitory action.

An appeal will not be entertained, in a case where there are warrantors, unless the warrantors, are made parties in the appellate Court.

APPEAL from the District Court, Eighth District, Parish of St. Tammany, *Baylie,* J. *Alfred Hennen,* for plaintiff. *Jones,* for defendant and appellant.

ROST, J. The plaintiff originally instituted an action of boundary against the defendant, who reconvened, alleging that he was the owner of the land which the plaintiff represented as belonging to him, and praying that he might be quieted in his possession and title, and also for damages. The plaintiff an-

BLANG
v.
COUSIN.

swcrcd the demand in reconvention, joined issue on the question of title and called his immediate vendor in warranty. To this call in warranty no objection was made by the defendant, and the previous vendors were successively called in to defend the suit. Some of the warrantors answered to the merits and others filed exceptions. The question of title was tried by the District Court and decided in favor of the plaintiff. The defendant obtained an order of appeal in open Court and gave bond to the plaintiff alone, without mentioning the warrantors, or other parties in interest, either expressly or in general terms. The appellee has moved to dismiss the appeal, on the ground that the warrantors have not been made parties.

It is unquestionable that when by the act of the defendant, and the acquiescence of the plaintiff, the action was changed from an action of boundary to a petitory action, the defendant became plaintiff, as would have been the case if the original suit had been one for slander of title.

The original plaintiff having become the defendant, enjoyed all the privileges of defendants, and among others that of citing his vendors in warranty either to join in the defence, or to assume it at their exclusive expense. The case is therefore to be viewed as a petitory action instituted by the defendant.

The question presented by the motion to dismiss first came before the Supreme Court in the case of *Guerin et al*, v. *Bagnœries*, 9 L. R., 473. The Court then decided that warrantors have a direct interest to prevent the reversal of a judgment in favor of the party calling them in, and that the appellant was bound to bring them into Court, but the case being a new one, the Court granted time to cite the warrantor.

The same question came again before the Court, two years after, in the case of *Cuny* v. *Robert et al*, 12 L. R., 475 ; and the appeal was dismissed. *Judge Martin*, who was the organ of the Court, said : "In the case of *Guerin* we refused the dismissal and gave time to cite the warrantor, because the question was new and the members of the bar entertained different opinions in relation to it. As that decision has been long published and is well known, we do not think ourselves authorized to grant the same indulgence."

This decision was reaffirmed in the case of *Oliver* v. *Williams*, 12 R. R., 183, and it has been held, again and again, that an appeal will not be entertained unless all the parties having an interest in the maintenance of the judgment appealed from are made parties in the appellate Court.

The same question came before us lately in the case of *Charlotte Williams and husband* v. *Courtney et als*, and although the case appeared to us a hard one, we did not feel ourselves at liberty to change the settled jurisprudence of the Court, in a matter of practice.

That jurisprudence does not rest upon a mere technical ground. Its object is to speed the administration of justice, prevent a multiplicity of appeals, and secure the rights of the warrantors under all contingencies.

We are of opinion that the appeal be dismissed.

It is ordered that the appeal be dismissed with costs.